## No. 819

### EUPHRAT et v. KINGSLEY et.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 795. Decided July 1, 1927.

703. LANDLORD AND TENANT—111. Assumption of Risk—1. Lessee has right to assume that building is constructed and equipped in accordance with ordinances and state laws.

2. Fact that defect could have been seen and discovered upon examination, not conclusive evidence that defects were discovered.

Error to Common Pleas.
Judgment affirmed.

W. S. Rhotehamel and I. L. Jacobson, Dayton, for Euphrat et.

BY THE COURT.

Daniel W. Kingsley was tenant under a lease from Joseph and Lilly Euphrat. The lease was taken in July, 1923, and the tenants took possession on Aug. 17, 1923. On the 19th of January, 1924, the premises were damaged by a fire. The lessee claims that the fire originated through defects in the construction of the furnace and the appurtenances thereto, in violation of the city ordinance and the state laws. He seeks to recover the loss and dam-

(Continued on page 750)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

### November 8, 1927

20800—Erie Railroad Co. v. John Argeris; motion for Mahoning Appeals to certify. Kennedy, Manchester & Ford, Youngstown, for pltff; Buffalo & Wall, Youngstown, for deft.

### November 9, 1927

20801—Central Acceptance Corp. v. Wilbur L. Haneiser.; motion for Cuyahoga Appeals to certify. G. A. Hettinger, Cleveland, for pltff; F. W. Ebslie, Cleveland, for deft.

### November 10, 1927

20802—Continental Life Ins. Co. v. Howard Meese, Admr. of the Estate of Cora Meese, deceased; motion Tuscarawas Appeals to certify. Wilkin, Fersnell, Fisher & Lumbach, New Philadelphia, for pltff; Mitchell & Mitchell, New Philadelphia, for deft.

20803—Youngstown & Suburban Ry. Co. v. Mabel Faulk; motion for Mahoning Appeals to certify. O. Williams, Youngstown, for pltff; Heem & Wells, Youngstown, for deft.

### November 13, 1927

20804—Columbus Railway, Power & Light Co. v. Bertha Schroeder, Administratrix of the Estate of Carl W. Schroeder, decd; motion for Franklin Appeals to certify. Johnson, Sharp, Schooler & Toland, Columbus, for pltff; C. H. Valentine, Columbus, for deft.

### November 14, 1927

20805—Peerless Electric Co. et v. John H. Marshall et; motion for Trumbull Appeals to certify. Fillius & Fillius, Warren, for pltff; G. H. Birrell, Warren, for defts.

20806—Bank of Italy v. Nicholas Colla et; motion for Mahoning Appeals to certify. Kennedy, Manchester & Ford, Youngstown, for pltff; McKain & Ohl, Youngstown, for deft.

20807—Joe Link v. State of Ohio; motion for leave to file petition in error to the Huron Appeals. G. E. Kallfluisch, Mansfield, for pltff; E. G. Martin, Norwalk, for deft.

### November 15, 1927

20808—Philip Krakoff v. Samuel Krakoff; motion for Franklin Appeals to certify. Williams & Nash, Columbus, for pltff; Ballard, Jones & Price, Columbus, for deft.

## PROCEEDINGS OF SUPREME COURT

### Wednesday, Nov. 16, 1927.

For reference to Location of Reports of these Cases, see Omnibus Index

## GENERAL DOCKET

20352—State of Ohio, ex rel. Mary Pozzi v. The Industrial Commission of Ohio. In Mandamus. Relator not desiring to plead further, writ denied and petition dismissed at costs of Relator.

## MOTION DOCKET

20662—Joe Lupo et v. Joseph Reisner. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 491.

20665—State of Ohio et v. George W. Hershner, et. Motion for Butler Appeals to certify. Allowed. Dock. 5 Abs. 506.

20667—Rosie Gliebe v. Joseph Kraker et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 506.

20672—Tax Commission of Ohio v. W. S. Paxson, admr., et. Motion for Fayette Appeals to certify. Allowed. Dock. 5 Abs. 506.

20683—George J. J. Mackay v. State of Ohio. Motion for leave to file petition in error to Cuyahoga Appeals. Overruled. Dock. 5 Abs. 506.

20713—Travelers Insurance Co. of Hartford, Conn., v. Maggie L. Gath. Motion for Butler Appeals to certify. Allowed. Dock. 5 Abs. 540.

20724—Floyd Kelsey v. State of Ohio. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 556.

## KEEP YOUR LIBRARY FRESH

## THE LAW ABSTRACT

### and its

## DIGESTS
## WILL DO IT.

(Continued from page 748)

age to his stock of goods and other property owned by him and located upon the leased premises. He filed his fourth amended petition in the court below and issues were joined thereon by a general denial and an averment that the fire occurred through the fault and negligence of the lessee.

The case was tried and resulted in a verdict in favor of the plaintiff. A motion for a new trial was overruled and judgment was rendered on the verdict. The defendant below prosecutes error in this court.

The fundamental question which arises, not only on the pleadings, but throughout the trial of the case, is as to the liability of the landlord to the tenant for losses occasioned by defects in the premises leased.

Under the common law, it may be conceded, there would be no liability except as provided in the lease. But, in recent years, statutes and ordinances have been enacted placing a duty upon the owner of the premises, especially as to the construction and equipment of furnaces. The petition sets out the ordinances of the city of Dayton, upon which the right of action is based. We think the law of this case is stated in the case of Stackhouse v. Close, 83 OS. 339.

The liabilities created by ordinance as well as by the general statutes were intended not only to protect third persons but also to protect lessees. The rule would apply more appropriately to lessees than to strangers. A lessee has a right to assume that a building is constructed and equipped, agreeable to the ordinances and the state laws, and, as between the lessee and the lessor, especially in the absence of a stipulation to the contrary, the lessor would be presumed to construct and equip his building as required by law. Unless the lease contains a waiver, or some equitable obligation is assumed by the lessee to the contrary, the lessee would be entitled to presume that the building was properly constructed and to act upon that presumption.

It is contended that the evidence of the plaintiff below shows definitely and clearly that he must have known of the defect in the construction of the furnace before the occurrence of the fire and that, if he knew of the defect, he used the furnace at his own peril. We think neither of these propositions is sound. In the first place, the fact that the defects could have been seen and discovered upon examination is not conclusive evidence that the plaintiff below did discover them. There is a counter proposition that the plaintiff below had a right to assume that the furnace was properly constructed and this presumption would relieve him from the primary obligation of investigating. In the second place, it does not follow, as a conclusion of law, that if the plaintiff had notice of the defects in the construction of the furnace that, of itself, would be a waiver of the defendant's obligation, created by the ordinance and the State laws. It is urged that the obligation in the lease, requiring plaintiff to make certain repairs, forbids any liability upon the defendant for inherent defects of construction. We think the court below took the correct view upon this proposition.

(Ferneding, Kunkle and Allread, JJ., concur.)